UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DAVID HANG and JENNIFER HANG,

                      Plaintiffs,

        -against-

ERIC ADAMS, *et al.*,

                      Defendants.

-----------------------------------------------------------X

**ORDER**

23 CV 5570 (RER) (CLP)

**POLLAK**, United States Magistrate Judge:

On July 24, 2023, plaintiffs David Hang and Jennifer Hang, proceeding *pro se*, commenced this action against defendants Eric Adams, Edward A. Caban, Deputy Inspector Louron E. Hall, Lieutenant Catalano, and Police Officer Jamie Angelastro. Plaintiffs allege that a police officer from the 109th Precinct of the New York City Police Department ("NYPD") conducted a warrantless search of plaintiffs' home on June 18, 2022, during which plaintiffs were assaulted and insulted, in violation of plaintiffs' Fourth Amendment rights. (See Compl.).

Currently pending before this Court is defendants' letter motion dated February 25, 2025 (ECF No. 40), seeking an Order compelling plaintiffs to provide responses to defendants' First Set of Interrogatories and Request For Production of Documents. (ECF No. 40, Exs. A,[1] B). According to defendants, they served these requests on June 28, 2024, only to receive a medical records release for plaintiffs' medical records from various medical providers, but no other substantive responses to defendants' interrogatories or document demands. (ECF No. 40 at 1-2). Defendants then sent a written request for complete responses by January 31, 2025. (Id.) When

---

[1] Defendants served virtually identical requests on each individual plaintiff. The requests addressed to David Hang are attached as Exhibit A to Defendants' letter motion of February 25, 2025; the requests addressed to Jennifer Hang are attached as Exhibit B to the letter motion. Since the requests seek essentially the same information from both plaintiffs, the Court has addressed them together.

plaintiffs failed to provide supplemental responses to defendants' demands, defendants submitted the instant letter motion on February 25, 2025.  (Id.)

In response to the letter motion, plaintiffs submitted a letter on April 10, 2025, which stated: "*Pro Se* Plaintiffs reiterate their grounds stated in their Responses to First Set of Interrogatories & Request for Production of Documents" and "deny all the allegations against *Pro Se* Plaintiffs contained in the Defendants Counsel's letter to the court dated February 25th, 2025."  (ECF No. 49).  However, according to the document filed by defendants in conjunction with their letter motion, the plaintiffs' joint response to the Document Requests and Interrogatories was limited to the following document:  "1. Authorization for Release of Health Information Pursuant to HIPPA for David Hang and Jennifer Hang."  (ECF No. 40, Ex. C).  It appears that plaintiffs provided no other responses.  (Id.)

## DISCUSSION

As an initial matter, the Court recognizes that plaintiffs are proceeding in this action *pro se*.[2]  While they do not have the assistance of counsel, it is well-settled that "[t]he *pro se* status of a non-compliant litigant does not relieve her of any discovery obligations." Handwerker v. AT & T Corp., 211 F.R.D. 203, 208 (S.D.N.Y. 2002) (citing Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (noting that a party's *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") (citations omitted).  "*Pro se* litigants . . . are expected to conform to the Federal Rules of Civil Procedure."  Sentin v. Szczepankiewicz, No. 23 CV 108, 2024 WL 4599971, at *2 (W.D.N.Y. Oct. 29, 2024) (citations omitted).

---

[2] *Pro se* plaintiffs are directed to review Federal Rules of Civil Procedure 26, 33, and 34.  Rules 26 through 37 govern the scope of disclosures and discovery.

Plaintiffs are warned that a willful failure to comply with discovery obligations is a sufficient basis to dismiss an action. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (holding that "[a]ll litigants, including *pro ses*, have an obligation to comply with court orders . . . and failure to comply may result in sanctions, including dismissal with prejudice") (alterations adopted and citations omitted); Yarborough v. New York City, 10 CV 2125, 2012 WL 728010, at *2-3 (E.D.N.Y. Feb. 13, 2012) (dismissing case where plaintiff failed to appear at her deposition and failed to respond to order to show cause for her noncompliance); Hoffman v. Scoville, 174 F.R.D. 11, 12 (N.D.N.Y. 1997) (dismissing pro se plaintiff's complaint for his failure to appear at depositions, respond to interrogatories, respond to inquiries from defendants, and obey court orders to appear). A *pro se* litigant's failure to respond to discovery requests is willful after a court informs them of their obligation to comply, and a litigant repeatedly fails to do so. See Lichenstein v. Reassure Am. Life Ins. Co., No. 07 CV 1653, 2011 WL 809172, at *2 (E.D.N.Y. Mar. 1, 2011).

**A. Federal Rule of Civil Procedure 26**

Discovery is the process of collecting the evidence necessary to support a claim or a defense. Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal cases. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." See Fed. R. Civ. P. 26(b)(1). Rule 26 sets forth the parameters for reviewing proportionality—namely, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[W]hile the scope of discovery is 'broad,' it is not 'limitless.'" Sanders v. SUNY Downstate Med. Ctr., No. 22 CV 4139, 2024 WL 4198355, at *2 (E.D.N.Y. Sept. 16, 2024) (citations omitted). "[P]ermissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." White v. County of Suffolk, No. 20 CV 1501, 2022 WL 1154839, at *2-3 (E.D.N.Y. Apr. 19, 2022) (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. New Falls Corp. v. Soni, 16 CV 6805, 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). "That is, the more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate." White v. County of Suffolk, 2022 WL 1154839, at *2.

**B. Federal Rules of Civil Procedure 33 and 34**

Interrogatories are written questions that a party asks another party in a case. Pursuant to Rule 33, "a party may serve on any other party no more than 25 written interrogatories . . ." Fed. R. Civ. P. 33(a)(1). Interrogatories "may relate to any matter that may be inquired into under Rule 26(b) . . . [and] is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Thus, "to the extent it is not objected to, [interrogatories must] be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Interrogatories must be responded to in a sworn, signed statement within thirty days. See Fed. R. Civ. P. 33(b)(2). A party responding to an interrogatory is required "to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories." See Carl v. Edwards, No. 16 CV 3863, 2017 WL 4271443, at *3 (E.D.N.Y. Sept. 25, 2017) (citation omitted). A party must answer each interrogatory separately and fully, unless they have an objection to the interrogatory.

4

A responding party may answer an entire interrogatory question or object to the question or part of the question. If an objection is raised to only part of a question, the rest of the interrogatory question must be answered. Any objections must be stated in writing, including the reasons for the objection. If the other party believes that the objection is incorrect or unreasonable, that party may make a motion under Rule 37(a) of the Federal Rules of Civil Procedure, requesting an order from the Court directing an answer to the interrogatory. Parties must try to resolve disputes before bringing them to the Court's attention.

Federal Rule of Civil Procedure 34 covers requests for production of any document (or electronically stored information, such as emails) containing information relevant to issues in the lawsuit. Under Rule 34, a party can serve "on any other party a request within the Scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control." This includes "any designated documents or electronically stored information—such as writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or "any designated tangible things." Fed. R. Civ. P. 34 (a)(1).

If an opposing party serves a document request, the answering party must respond to the request within thirty days after service, unless otherwise agreed by the parties or ordered by the Court. In the response, a party may agree to produce the requested documents, or object to all or part of the request. If a party raises an objection, the reasons for that objection must be provided. See Finkelstein v. Bical, No. 23 CV 49, 2023 WL 9119575, at *1 (E.D.N.Y. Dec. 14, 2023) (finding that objections to a Rule 34 request "'must state whether any responsive materials are

being withheld *on the basis of that objection*.'") (quoting Fed. R. Civ. P. 34(b)(2)(C)). A party must produce documents to the parts of the request to which they do not object.

Documents must be produced in the manner that they are usually kept, and must be organized and labeled to correspond with the categories in the document request. Responses to documents must be supplemented if more documents are discovered later on that are covered by the request. *Pro se* plaintiffs are advised to number all documents produced, to keep a copy of numbered documents, and to keep a record of what documents are produced and when they were produced.

### C. Defendants' Requests

In the letter motion before the Court, defendants indicate that they have agreed to withdraw certain document demands, including Document Request Nos. 5, 8, 12, 17, and 24, along with withdrawing Interrogatory Nos. 10-14. (ECF No. 40 at 2, n.3). However, defendants continue to seek responses to the following interrogatories and document requests.

**1. Interrogatories**

1) <u>Interrogatory No. 1</u> – this asks plaintiffs to identify all persons who witnessed, were present at, or have knowledge of the incident.

Plaintiffs are Ordered to answer this question to the extent that they can identify anyone else present at the time of the search either by name, or if the name is unknown, by providing a physical description of that person.

2) <u>Interrogatory No. 2</u> – this asks plaintiffs to identify any other complaints that they may have made with any state or local agency or investigatory body or filed with any other court relating to the incident.

Plaintiffs are Ordered to answer this question and provide the names of anyone official they may have contacted to complain about the incident, including the media, the Civilian

Complaint Review Board, the NYPD Office of Inspector General, Internal Affairs Bureau of the NYPD, the Attorney General or the U.S. Attorneys' Office, or any other federal, state or local law enforcement agency. If they did not contact anyone, they should so state.

    3) <u>Interrogatory Nos. 3-4</u> – Interrogatory No. 3 asks plaintiffs to identify any documents and communications they have concerning the incident, and any physical or emotional injuries they claim are related to the incident. This would include any written materials they created to report the incident or any records they received in connection with treatment provided for their injuries.

    Interrogatory No. 4 asks plaintiffs to identify any photographs, or video or audio recordings they made relating to the incident or their injuries, including any photographs or files kept on their cell phones or computers.

Plaintiffs are Ordered to provide responses to these Interrogatories. If there are no documents, photographs or videos, they should so state.

    4) <u>Interrogatory Nos. 5 - 6</u> – Interrogatory No. 5 asks plaintiffs to describe any injuries that were caused or exacerbated by the incident.

    Interrogatory No. 6 asks plaintiffs to identify any healthcare providers they may have seen or received treatment from following the incident.

Plaintiffs are Ordered to do their best at describing their injuries and they are directed to provide the names of any healthcare personnel that they saw after the incident. Failure to provide this information could result in an Order precluding plaintiffs from claiming any physical or mental illnesses at trial.

    5) <u>Interrogatory No. 7</u> – this asks plaintiffs to identify all healthcare providers who saw or treated plaintiffs for any pre-existing injury that they claim was exacerbated by the incident alleged in the Complaint.

Since plaintiffs are claiming that they suffered injuries that exacerbated a prior injury or prior condition, defendants are entitled to know what the prior injury or pre-existing condition

7

was and to obtain medical records relating to that injury or condition. Plaintiffs are Ordered to provide a response to this Interrogatory.

>  6) <u>Interrogatory No. 8</u> – this asks plaintiffs to provide a computation of their economic damages that they claim were caused by the incident.

Plaintiffs are Ordered to provide any amounts that they are claiming they suffered as a result of this incident. This includes any lost wages if they missed work as a result of the incident; any property damage suffered to their home as a result of the search; any medical or pharmacy charges, any attorneys' fees, court fees, bail amounts and travel expenses that they incurred in connection with the incident. Failure to provide such information could result in an Order precluding plaintiffs from seeking such damages at trial.

>  7) <u>Interrogatory No. 9</u> – this interrogatory asks plaintiffs to identify their employers for the last 10 years, along with dates of employment.

If the plaintiffs seek lost wages or lost income, they must identify their employer at the time of the incident, including dates of employment. Although the Interrogatory asks for the name of plaintiffs' employers for the last 10 years, the Court finds that such information is not relevant or proportional to the claims in the Complaint and need not be provided.

>  8) <u>Interrogatory Nos. 15-16</u> – these interrogatories ask whether plaintiffs have applied for government benefits in the last 10 years and whether they have made claims for disability or no-fault coverage in the last ten years.

Plaintiffs are Ordered to provide disability claims that they submitted stemming from the incident, if any. Although the Interrogatory asks for applications and claims made in the last 10 years, the Court finds that such information is not relevant or proportional to the claims in the Complaint and need not be provided.

### 2. Document Requests

Defendants also seek the production of the following documents to the extent that they exist:

1) <u>Document Requests Nos. 1-4</u> – these requests ask plaintiffs to provide any documents that they identified in response to the Interrogatories, including any documents relating to what happened during the incident, any documents relating to injuries caused or exacerbated by the incident, and any documents relating to economic damages or losses as a result of the incident.

Given that the Court has already Ordered plaintiff to respond to the interrogatories seeking such information (<u>see</u> ruling regarding Interrogatory Nos. 3, 4, 5, 6, 8), plaintiffs are Ordered to produce any responsive documents. To the extent that there are no documents responsive to a particular request, plaintiffs should so state.

2) <u>Document Requests Nos. 6-7</u> – these requests seek documents relating to complaints made to other entities (<u>see</u> Interrogatory No. 2), and photographs, videos and audio recordings (<u>see</u> Interrogatory No. 4).

Given that the Court has already Ordered plaintiffs to respond to Interrogatory Nos. 2 and 4, plaintiffs are Ordered to provide any responsive documents. To the extent that there are no documents responsive to a particular request, plaintiffs should so state.

3) <u>Document Requests Nos. 9-11</u> – these document requests seek medical releases and documents related to plaintiffs' injuries, including treatment for any pre-existing injuries allegedly exacerbated by the incident.

Given that the Court has already Ordered plaintiffs to respond to Interrogatory Nos. 5, 6, and 7, plaintiffs are Ordered to provide any responsive documents. Plaintiffs must provide all relevant medical releases (except the HIPPA authorization already produced) or verify that they did not seek medical attention. To the extent that there are no documents responsive to a particular request, plaintiffs should so state.

    4) <u>Document Requests Nos. 13-15</u> – Request No. 13 seeks documents used to compute any lost earnings claimed by plaintiffs, listing a variety of records such as tax returns, employment records, bookkeeping or accounting records, and time and attendance records for 10 years prior to the incident.

    Request No. 14 seeks a release for employment records for each employer of plaintiffs for the past 5 years.

    Request No. 15 seeks unemployment records of plaintiffs for the past 5 years.

To the extent plaintiffs are claiming lost wages or earnings as a result of the incident and have records showing the wages and/or earnings received in the year prior to the incident, they should provide those records. In light of the confidential nature of tax returns, Plaintiffs are not required to produce tax returns at this time, absent a further showing by defendants. In addition, the Court finds the request for 10 years of documentation to be overbroad and limits the request to one year prior to the incident.

To the extent that plaintiffs are claiming lost wages or earnings as a result of the incident, they are Ordered to provide a release for each employer for whom they have worked in the past two years. If they have received unemployment benefits in the past two years prior to the incident and still seek lost earnings, they should provide releases for unemployment benefits received during the past two years.

If plaintiffs are not seeking lost wages or lost earnings, they should so state and do not have to produce any documents or releases responsive to Request Nos. 13-15.

    5) <u>Request No. 16</u> – this request asks for releases for the production of plaintiffs' tax returns from five years prior to the incident.

Defendants have not demonstrated a need for tax returns at this time. Thus, the motion to compel plaintiffs to provide releases for their tax returns is denied.

      6) <u>Document Requests Nos. 18-21</u> – these requests seek releases to obtain records for claims made to insurance carriers for physical or emotional injuries, and for social security benefits, within the past ten years (Request Nos. 18, 19), and for Medicare and Medicaid benefits for the past five years (Request Nos. 20, 21).

The Court denies defendants' motion to compel releases for this information in the absence of a further showing of relevance, proportionality, and the relevance of the requested time periods.

      7) <u>Document Requests Nos. 22 and 23</u> – Request No. 22 asks for the production of any subpoenas that plaintiffs may have served on any entity and documents received as a result of that subpoena relating to the incident, plaintiffs' injuries or damages.

      Request No. 23 seeks the production of any FOIA/FOIL requests served on any entity relating to the incident and documents received as a result.

If plaintiffs have not served any subpoenas or filed any FOIA/FOIL requests, they should so state. If they have, however, they must provide the requests and any documents received in response to defendants' counsel.

      8) <u>Document Request No. 26</u> – this request seeks documents concerning claims made against the City in connection with the incident, including notice of claim, communications with the City Comptroller or its agents, 50-H transcripts, etc.

To the extent plaintiffs are in possession of any of these documents, they should produce them.

      9) <u>Document Request No. 27</u> – this request seeks any retainer agreements, legal bills, and other expenses related to the incident or any criminal, administrative or civil proceedings, including this litigation.

If plaintiffs are seeking reimbursement of legal fees and expenses relating to any proceedings stemming from the incident that occurred prior to the commencement of this action,

11

they should provide proof of payment for such services. They do not need to provide any retainer agreements at this time, nor are they required to produce any information relating to their retention of counsel in connection with this case. If plaintiffs have no documents responsive to the request, they should so state.

Defendants shall serve this Order on plaintiffs by **September 23, 2025**. By **October 23, 2025**, defendants shall file a status report indicating whether plaintiffs have complied with this Order.

**SO ORDERED.**

Dated: Brooklyn, New York
September 19, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York