

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 Church Street
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

October 29, 2025

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>David Hang et al. v. Eric Adams, et al.</u>,
      23-CV-5570 (RER)(CLP)

Your Honor:

   I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants Adams, Caban, Hall, and Catalano in the above referenced matter. Defendants respectfully submit this Status Report pursuant to this Court's Order dated September 19, 2025 (ECF Dkt. 50) and sincerely apologize for not providing the update by the October 23, 2025 deadline specified therein. For the reasons set forth below, Defendants respectfully request that the Court accept this submission *nunc pro tunc*, set a deadline for Plaintiffs to serve supplemental responses that fully comply with the September 19, 2025 Order, and permit Defendants either to submit a short supplemental letter once Plaintiffs respond or, if Plaintiffs do not respond, to seek such further relief as the Court deems appropriate.

   Pursuant to the Court's September 19, 2025 Order, this Office served the Order and docket upon Plaintiffs on September 19, 2025. The Order directed Plaintiffs to provide substantive responses to specified interrogatories and document requests, with the Court noting that failure to provide certain information could result in preclusion at trial.

   Plaintiffs submitted their responses on October 19, 2025. The undersigned counsel was assigned to this matter on October 20, 2025, immediately before a previously scheduled week-long absence from the office. Upon returning on October 27, 2025, the undersigned became aware of the Court's October 23, 2025 deadline and immediately undertook a comprehensive review of the file, including the interrogatories, document requests, and Plaintiffs' responses thereto.

   Upon review of Plaintiffs' October 19, 2025 submission, Defendants have identified deficiencies requiring clarification and supplementation. While some of the responses are adequate, a number are general in nature, frequently stating that information "had been

provided to Defendants already" without specification, or referencing prior document productions (specifically HIPAA authorizations and CCRB materials) without addressing the substantive requirements of the Court's Order. Multiple interrogatories requiring identification of documents, specification of injuries, listing of healthcare providers, and clarification of damages claims received only conclusory responses or references to previously produced documents, without the substantive answers required.

These types of responses fundamentally contravene Federal Rule of Civil Procedure 33(b)(3), which requires each interrogatory be answered "separately and fully." Courts in this Circuit uniformly reject responses that merely reference prior productions or state information was 'already provided.' See, e.g., Harlem River Consumers Co-op., Inc. v. Associated Grocers of Harlem, Inc., 64 F.R.D. 459, 463 (S.D.N.Y. 1974) ("A broad statement that the information sought is available from a mass of documents and that the documents are available for inspection simply is not a sufficient response to satisfy the aims of discovery."); In re Savitt/Adler Litig., 176 F.R.D. 44, 48 (N.D.N.Y. 1997) ("[I]nterrogatories seek facts, not documents or tangible objects, and the proper form of response is a narrative answer, not a reference to documents or objects where the answers might be found."); In re Roman Cath. Diocese of Syracuse, 665 B.R. 866, 890 (Bankr. N.D.N.Y. 2024) (citing cases).

Moreover, this deficiency is particularly prejudicial where, as here, case responsibility has transitioned to new counsel who cannot ascertain from Plaintiffs' non-responsive answers what information they purport to have previously disclosed. Interrogatory responses must serve as a self-contained evidentiary record, verified under oath—a function that cannot be fulfilled through oblique references to unspecified prior productions. See Life Music, Inc. v. Broad. Music, Inc., 41 F.R.D. 16, 26 (S.D.N.Y. 1966) ("Documents and testimony are not infrequently subject to varying interpretations and therefore simply referring defendant to whatever it might find therein does not [satisfy Rule 33(b)(3)].")

Defendants also note that despite Plaintiffs' provision of HIPAA authorizations, this office has encountered significant difficulties obtaining medical records from the healthcare providers identified therein. To date, we have obtained records for one provider for each plaintiff. Records from four other identified providers remain outstanding, possibly due to language barriers in communications with these medical offices. This further underscores the necessity of obtaining complete and accurate information directly from Plaintiffs regarding their medical treatment and claimed injuries rather than relying on references to HIPAAs already provided.

Rather than immediately filing this status update upon discovering these deficiencies, the undersigned deferred submission to attempt resolution through conferral. On October 27, 2025, the undersigned sent a detailed communication to Plaintiffs via electronic mail, identifying the specific deficiencies and requesting supplementation of their responses.

As of the date of this filing, Defendants have not received a response to the October 27, 2025 communication. While Plaintiffs' discovery responses were received, they remain materially deficient and do not comply with the Court's September 19, 2025 Order. These deficiencies impede Defendants' ability to properly defend this action and evaluate settlement possibilities.

      Defendants therefore respectfully request the Court accept this letter *nunc pro tunc* as the required status report. Defendants remain open to working with Plaintiffs to obtain compliant responses and suggest that the Court may wish to set a deadline for Plaintiffs to provide supplemental responses that fully comply with the September 19, 2025 Order, and to permit Defendants either to submit a short supplemental letter once Plaintiffs respond, or, if Plaintiffs do not respond, to seek whatever relief the Court deems appropriate.

      Defendants thank the Court for its time and consideration of this request.

Respectfully Submitted,

*John McLaughlin /s/*

John McLaughlin
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc:   **VIA FIRST CLASS MAIL AND EMAIL**
David Hang
4323 Colden Street, Apt 5H
Flushing, NY 11355
(718) 878-0727
Email: nycqueenstls@gmail.com
*Plaintiff Pro Se*

Jennifer Hang
4323 Colden Street, Apt 5H
Flushing, NY 11355
(718) 878-0727
*Plaintiff Pro Se*