

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 Church Street<br>NEW YORK, NY 10007 | **JOHN MCLAUGHLIN**<br>Phone: (212) 356-2670<br>Fax: (212) 356-3509<br>jmclaugh@law.nyc.gov<br>*Assistant Corporation Counsel* |

December 10, 2025

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>David Hang, et al. v. Adams, et al.</u>,
             23-CV-5570 (RER)(CLP)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Eric Adams, Edward A. Caban, Deputy Inspector Louron E. Hall, and Lieutenant Catalano (collectively, "Defendants") in the above-referenced matter. Defendants respectfully write, pursuant to the Court's November 24, 2025 Order, to request that the Court so-order the enclosed subpoenas directed to Plaintiffs' medical providers Qing Zhang, M.D., and Yanqing Ma, M.D..

      By way of brief background, Plaintiffs bring this civil-rights action arising out of an encounter with members of the New York City Police Department and allege, among other things, physical and emotional injuries for which they claim to have received medical treatment. During discovery, Plaintiffs identified Dr. Zhang and Dr. Ma as providers who treated them in connection with the underlying incident, and they executed New York State OCA-960 authorizations permitting the release of their medical records from these providers. Those authorizations permit Defendants to obtain Plaintiffs' complete medical records from the identified providers.

      As the Court noted in its November 24, 2025 Order, Defendants have been attempting to obtain Plaintiffs' medical records directly from their medical providers. Despite those efforts and the previously executed HIPAA authorizations, Defendants have not yet received complete records from Dr. Zhang or Dr. Ma. The Court's Order provides that, "[i]f defendants cannot obtain records from the medical providers by December 5, 2025, they may submit subpoenas to be so-ordered by the Court." Because the records remain outstanding, Defendants now respectfully submit the annexed proposed subpoenas for the Court's endorsement.

      The subpoenas seek certified copies of the entire medical records for Plaintiffs David Hang and Jennifer Hang in the possession of Dr. Zhang and Dr. Ma, as reflected in the attached AO 88B subpoena forms. These records are necessary to evaluate Plaintiffs' claimed injuries, to prepare for any depositions and motion practice, and to allow the parties and the Court to have a complete evidentiary record in this case. In light of the Court's prior Order and the providers' failure to produce the records in response to the authorizations alone, Defendants submit that so-ordering the subpoenas is appropriate.

      For the Court's convenience, copies of Plaintiffs' previously executed OCA-960 authorizations are enclosed as Exhibit A, and the proposed subpoenas to Dr. Zhang and Dr. Ma are enclosed as Exhibit B. Defendants respectfully request that the Court endorse the subpoenas so that they may be served on the providers forthwith.

      The Defendants thank the Court for its time and consideration of this request.

Respectfully Submitted,

*/s/ John McLaughlin*

John McLaughlin
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA ECF**
David Hang
4323 Colden Street, Apt 5H
Flushing, NY 11355
(718) 878-0727
Email: nycqueenstls@gmail.com
*Plaintiff Pro Se*

**VIA FIRST CLASS MAIL**
Jennifer Hang
4323 Colden Street, Apt 5H
Flushing, NY 11355
(718) 878-0727
*Plaintiff Pro Se*