

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 Church Street<br>NEW YORK, NY 10007 | **JOHN MCLAUGHLIN**<br>Phone: (212) 356-2670<br>Fax: (212) 356-3509<br>jmclaugh@law.nyc.gov<br>*Assistant Corporation Counsel* |

January 14, 2026

**BY ECF**
Honorable Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    David Hang and Jennifer Hang v. Eric Adams, et al.,
               23-CV-5570 (RER)(PCG)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Defendants Eric Adams, Edward A. Caban, Deputy Inspector Louron E. Hall, and Lieutenant Catalano in the above referenced matter. Defendants respectfully request that the Court: (1) adjourn *sine die* the show-cause hearing currently noticed for Friday, January 16, 2026 at 9:45 a.m.; and (2) direct Defendants to file a further status report on January 26, 2026 regarding subpoena compliance and whether any show-cause proceeding remains necessary.

        **Background**

        This discovery issue has been proceeding under the supervision of the prior assigned magistrate judge, the Honorable Cheryl L. Pollak. On November 24, 2025, Judge Pollak directed that, if Defendants could not obtain Plaintiffs' medical records from their providers by December 5, 2025, Defendants could submit subpoenas to be so-ordered, and the parties were to file a status report by December 30, 2025. (ECF No. 55). Defendants thereafter moved for the Court to so-order subpoenas to Plaintiffs' identified medical providers, Qing Zhang, M.D. and Yanqing Ma, M.D. (ECF No. 56). On December 15, 2025, Judge Pollak so-ordered the subpoenas, directed the providers to produce by December 24, 2025, and set a show-cause hearing for January 16, 2026 if any provider failed to comply; Judge Pollak also directed Defendants to file a status report by January 5, 2026 addressing whether a show-cause hearing remained necessary. (ECF No. 57).

        On December 30, 2025, Defendants filed the Court-ordered status report explaining that Defendants had received records from Dr. Ma and had spoken with staff at Dr. Zhang's office

who indicated they needed to consult a manager. (ECF No. 58). Defendants advised they would follow up on January 5, 2026 and requested that the Court extend the status-report deadline to permit a more meaningful update. (*Id.*). On January 2, 2026, Judge Pollak granted that request, extended the status-report deadline to January 19, 2026, and—because that deadline post-dated the then-scheduled hearing date—adjourned the January 16, 2026 show-cause hearing *sine die*. (ECF No. 59). The case has since been reassigned to Your Honor, and the docket now reflects a Scheduling Order restoring a show-cause hearing on January 16, 2026 at 9:45 a.m. (*See* Text Only Order dated Jan. 14, 2026).

### **Motion to Adjourn the Scheduled Hearing *Sine Die***

Good cause exists to adjourn the hearing *sine die*. Defendants respectfully submit that the circumstances that warranted adjourning the hearing *sine die* remain present here (*See* ECF Nos. 58–59) as Defendants continue to make progress toward securing compliance from the remaining provider. Defendants are actively working to obtain Dr. Zhang's compliance without further Court intervention and have reason to believe compliance can be achieved without the need for a hearing. An adjournment will conserve judicial resources and may avoid requiring a third-party medical provider to appear unnecessarily, while still ensuring prompt Court oversight if any issues remain.

Defendants respectfully request that the Court (i) adjourn the January 16, 2026 show-cause hearing sine die, and (ii) direct Defendants to file a further status report on January 26, 2026 addressing whether Dr. Zhang has complied with the subpoena and whether any show-cause hearing remains necessary.

Given the short notice, Defendants have not yet been able to obtain Plaintiffs' position on this request.

Defendants thank the Court for its time and consideration.

Respectfully Submitted,

*/s/ John McLaughlin*

John McLaughlin
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA ECF**
David Hang
4323 Colden Street, Apt 5H
Flushing, NY 11355
718-878-0727
Email: nycqueenstls@gmail.com
*Plaintiff Pro Se*

**VIA FIRST CLASS MAIL**
Jennifer Hang
4323 Colden Street, Apt 5H
Flushing, NY 11355
718-878-0727
*Plaintiff Pro Se*

iii