UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID HANG and JENNIFER HANG,

         Plaintiffs,      **STIPULATION AND ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

   -against-

CITY OF NEW YORK, ERIC ADAMS, DEPUTY
INSPECTOR LOURON E. HALL, LIEUTENANT
CATALANO, and JAMIE ANGELASTRO,      23-CV-5570 (RER)(PCG)

          Defendants.
-------------------------------------------------------------------X

   Plaintiffs David Hang and Jennifer Hang and Defendants City of New York, Eric Adams, Deputy Inspector Louron E. Hall, and , pursuant to Rules 29(a) and 30(b)(4) of the Federal Rules of Civil Procedure, jointly stipulate to the following protocol for conducting depositions by remote means in the above-captioned action:

     1.   Depositions may be conducted remotely using videoconference technology.

     2.   The Party who noticed the deposition shall arrange the court reporting and remote deposition service provider, and the Parties agree that an employee of said service provider may attend the remote deposition to troubleshoot any technological issues that may arise and to administer virtual breakout rooms, if necessary.

     3.   The Parties agree that the transcript of the remote deposition may be used at a trial, hearing and other proceedings, to the same extent that an in-person deposition may be used.  The Parties agree not to object to the use of the transcript of such deposition on the basis that the deposition was taken remotely.  The Parties reserve all other objections to the use of any deposition testimony at trial.

4.      The Party who noticed the deposition shall be responsible for procuring a written transcript of the remote deposition.  A copy of the transcript will be provided to the deponent as required under Rule 30(e).

5.      The deponent, court reporter, and counsel for any Party can each participate in the videoconference deposition remotely and separately.  Each person attending a deposition shall be visible to all other participants at all times while the deponent is testifying on the record, their statements shall be audible to all participants, and they should each strive to ensure that their environment is free from noise and distractions.  The deponent may not use a virtual background.

6.      Consistent with Local Rule 30.4, counsel shall not initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with the deponent while a question is pending.  Deponents shall shut off electronic devices, other than the devices that the deponent is using for the videoconferencing software and to display and access the exhibits, and shall refrain from all private communication during questioning on the record.  For purposes of determining whether a privilege should be asserted, the deponent and their attorney can request to take a break.

7.      During breaks in the deposition, the Parties may use the breakout room feature provided by the service provider (if one was created), which simulates a live breakout room through videoconference.  Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the service provider prior to the deposition and be controlled by the service provider.

8.      Remote depositions shall be recorded by stenographic or digital means consistent with the requirements of Rule 30(b)(3), but the court reporter need not be physically

present with the individual whose deposition is being taken.  The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

9.    The court reporter will stenographically or digitally record the testimony, and the court reporter's transcript shall constitute the official record.  Any audio or audiovisual recording made by the service provider or the court reporter is solely for review by the court reporter to improve the accuracy of any written transcript.  The parties agree that such audio or audiovisual recording shall not be admissible at trial, hearings, or any other proceedings, and will not be deemed to be an official record.

10.    The Parties agree that the court reporter is an "officer" as defined under Rule 28 of the Federal Rules of Civil Procedure, and shall be permitted to administer the oath to the witness via the videoconference.

11.    The Party who noticed the deposition shall provide the court reporting and remote deposition service provider with a copy of this Stipulation and Order in advance of the deposition.

12.    The Parties agree that the deposition can be video-recorded for use at trial, hearing and other court proceeding by a licensed videographer only.  The videographer shall be sworn in by the court reporter to record all the proceedings accurately, completely and in confidence.  Prior notice consistent with Rule 30(b) must be timely served in advance of the deposition.  The noticing party bears the video-recording costs.  Video-recorded depositions will be conducted pursuant to the requirements of Rules 30(b)(5)(A) and 30(b)(5)(B).

13.    The deponent shall endeavor to have technology sufficient to appear for a video-conference deposition (e.g. a webcam and computer with audio), and bandwidth sufficient

to sustain the remote deposition. The Parties agree to work collaboratively and in good faith with the service provider to assess each deponent's technological abilities and to troubleshoot any issues. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants, or where the participants cannot hear or understand the deponent.

14. At the beginning of the Deposition, the deponent and any Party logged on to view or listen to the deposition, including any person if receiving a live feed or live transcript of the Deposition, must be identified for the record. Any Party joining the deposition after its beginning must immediately identify themselves during a pause in the examination.

15. All deposition participants in a separate room from the deponent, other than the defending attorney, will turn their video camera on but set their audio to "mute."

16. No photograph, video, screenshot or recording shall be taken of the deponent, intentionally or surreptitiously, except as provided in Paragraphs 9 and 12 herein.

17. All persons attending the deposition are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this Order who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted.

18. The Parties agree that this Stipulation and Order also applies to remote depositions of non-parties under Rule 45 of the Federal Rules of Civil Procedure and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party

noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party or to the unrepresented deponent in a reasonable time before the deposition.

19.     The Parties agree that exhibits will be used during the deposition in such a manner that permits all attorneys of record, the deponent, and the court reporter the ability to fairly and fully view such exhibits in order to identify the exhibits on the record and to question the deponent about them.

20.     The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods: (i) Counsel may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, and the court reporter. Counsel for the deponent and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel taking the deposition.  The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic mail immediately prior to the commencement of the deposition; or (ii) the Party noticing the deposition may send legible physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, counsel for the other Parties, and the court reporter. In that event, noticing counsel shall so inform the other parties prior to mailing the documents and shall provide tracking information for the package.  Such documents shall be delivered the day before 4: p.m. the day before the deposition. Upon receipt, confirmation must be given to the Party noticing the deposition by electronic mail. Each recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining

the witness; or (iii) counsel may introduce exhibits electronically during the deposition by using the service provider's document-sharing technology, using the screen-sharing technology or providing downloadable documents using the chat feature within the video-conferencing platform, or by sending the exhibit to the deponent and all individuals on the record, and the court reporter, via electronic mail.

21.    Deponents or their counsel receiving documents before or during a deposition to be used at the deposition pursuant to Paragraph 16(ii), shall return the documents to the Party who sent them originally, within five (5) business days following the completion of the deposition, and shall not unseal, open or retain them in any manner. However, the deponent or their counsel may keep any document or exhibit that was unsealed and used during the deposition.

22.    This Stipulation and Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.  In the event additional parties are joined in this action, they must execute and, at the request of any party, filed with the Court, its agreement with the Court.

23. This Stipulation and Order does not modify the rules concerning depositions imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or Local Civil Rules, except to the extent those rules are specifically modified herein

24. If a Party learns that a deponent or counsel violated this Stipulation and Order during the course of the Deposition by either (a) communicating with any other person in violation of this Stipulation and Order; or (b) consulting non-exhibit sources during the Remote Deposition in violation of this Stipulation and Order, such Party agrees to notify the Parties and if necessary re-open the deposition. The deponent's counsel shall produce to the Parties any

communications with the deponent that was in violation of this Stipulation and Order or sources the deponent consulted in violation of this Stipulation and Order. Communications otherwise abiding by the Federal Rules of Civil Procedure and any applicable ethical rules between the deponent and deponent's Counsel during breaks do not violate this Stipulation and Order.

25.    This Stipulation and Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation and Order, which shall be binding upon and effective as to all Parties. The facsimile, scanned or electronic signatures of the signatories shall be deemed the "original" for the purpose of signing this Stipulation and Order.

Dated: 3/26/2026

DAVID HANG
4323 Colden Street, Apt 5H
Flushing, NY 11355
(718) 878-0727
Email: nycqueenstls@gmail.com
*Plaintiff Pro Se*

By:

JENNIFER HANG
4323 Colden Street, Apt 5H
Flushing, NY 11355
(718) 878-0727
*Plaintiff Pro Se*

By:

STEVEN BANKS
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By:
John McLaughlin
Assistant Corporation Counsel

SO ORDERED:

_____
HON. PEGGY CROSS-GOLDENBERG
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Dated: _____, 2026

- 7 -